UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                      :
LLOYD A. GELWAN,                    :

                                  Plaintiff,       :

                                       :     21-CV-2365 (VSB)
             - against -               :
                                       :     **OPINION & ORDER**

VERMONT MUTUAL INSURANCE  :
COMPANY et al.,                     :

                                  Defendants.  :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/2021

Appearances:

Lloyd A. Gelwan
Law Offices of Lloyd A. Gelwan
New York, NY
*Pro Se Plaintiff*

David E. Valicenti
Cohen Kinne Valicenti & Cook LLP
Pittsfield, MA
*Counsel for Defendant Berkshire Insurance Group, Inc.*

Andrew A. Arcuri
Kelly, Luglio & Arcuri, LLP
Deer Park, NY
*Counsel for Defendant Vermont Mutual Insurance Company*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Lloyd A. Gelwan ("Plaintiff" or "Gelwan") brings this action against Defendants Vermont Mutual Insurance Company ("Vermont Mutual") and Berkshire Insurance Group, Inc. ("Berkshire" and, together with Vermont Mutual, "Defendants") for damages, declaratory judgment, and attorneys' fees based on Defendants' alleged retaliation against Plaintiff for a previous successful suit against Vermont Mutual. Before me is Defendants' motion to transfer

venue to the District of Massachusetts, Western Division, pursuant to 28 U.S.C. § 1404(a). (Docs. 8, 14.) Because this action could have been brought in the District of Massachusetts and the balancing of the relevant factors supports transfer of this action, Defendants' motion to transfer is GRANTED.

## I. Procedural History

Plaintiff, a pro se litigant who is also an attorney, initiated this action by filing his Complaint in the New York State Supreme Court, New York County on February 28, 2021. (Compl.)[1] Notice of removal to this District was issued on March 19, 2021, based on diversity jurisdiction. (Doc. 3.) On April 2, 2021, Berkshire filed an answer, (Doc. 6), and a motion to transfer venue, accompanied by a memorandum of law and declaration, (Docs. 8–10). Vermont Mutual filed its answer on April 5, 2021, (Doc. 11), as well as a motion to transfer venue on April 7, 2021, with a declaration and memorandum of law, (Docs. 14–16.) Plaintiff filed a consolidated memorandum of law in opposition to Defendants' motions, supported by two declarations. (Docs. 23–24.) Briefing on this motion became complete when Vermont Mutual, (Doc. 26), and Berkshire, (Docs. 27–28), filed their reply memoranda of law on May 25, 2021.

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate. *N.Y. Marine & Gen.*

---
[1] "Compl." refers to the Complaint filed in state court on February 28, 2021. (Doc. 3-1.)

*Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

To determine whether transfer is warranted, a district court engages in a two-step inquiry. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must evaluate . . . several factors relating to the convenience of transfer and the interests of justice." *Id*. (internal quotation marks and citations omitted). These factors include:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens v. CTI Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *4 (S.D.N.Y. Oct. 28, 2011)).

### III. Discussion

Plaintiff concedes that this action could have been brought in the District of Massachusetts. (Doc. 24, at 5.) Consequently, the only issue is whether a balancing of the relevant factors supports transfer of this action. I find that the factors clearly support transfer of the instant litigation.

#### A. *Convenience of Witnesses*

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (internal quotation marks omitted). "The

convenience of non-party witnesses is accorded more weight than that of party witnesses."
*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005). In assessing these factors, "[a] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks omitted).

This factor clearly favors Defendants. Plaintiff barely identifies any non-party witnesses by name whose testimony is reasonably material to this case and who live closer to New York than Massachusetts. The only witnesses Plaintiff identifies in his opposition memorandum of law are himself and his wife. (Doc. 24, at 5–6.) Because Plaintiff is a party to the lawsuit, his convenience is awarded less weight than non-party witnesses. *See Indian Harbor Ins. Co.*, 419 F. Supp. 2d at 402. In his declaration that accompanied his opposition brief, Plaintiff points to certain New York City residents that Plaintiff claims might testify to rebut a potential argument from Vermont Mutual that it timely mailed a non-renewal notice to Plaintiff in December 2020. (*See* Doc. 23 ¶¶ 45, 47, 84–85.) Yet, all but one of these individuals are unnamed, meaning they are, at best, only marginally useful for Plaintiff. *See NetSoc, LLC v. LinkedIn Corp.*, No. 18-CV-12215 (RA), No. 18-CV-12267 (RA), 2020 WL 209864, at *3 n.5 (S.D.N.Y. Jan. 14, 2020) ("usually courts do not consider the convenience of such unspecified, unnamed witnesses in the transfer analysis") (internal quotation marks omitted). What's more, the testimony envisioned from these witnesses is vague and seems only minimally probative of the main claims at issue, as even Plaintiff notes that he is not guaranteed to need such testimony. (*See* Doc. 23 ¶ 47) ("To the extent that Vermont Mutual seeks to leverage the presumption of timely mailing of its

alleged December 4, 2020 notice . . ."). Plaintiff also suggests that he intends to offer a New York-based construction consultant as a witness, but acknowledges that the firm is "not yet retained formally," (*id.* ¶¶ 71–72); consequently, this argument carries little weight. Finally, Plaintiff identifies two New York brokers who will testify as to Berkshire's "lack of cooperation," (*id.* ¶ 86), but this testimony is only minimally relevant given that there are witnesses that both parties identify who are located in Massachusetts and who have far more direct information about Berkshire's policies and practices.

Most of the witnesses identified by the parties whose testimony is directly relevant to the case are located in Massachusetts. Plaintiff points to Michaela Thierling ("Thierling"), a Berkshire employee with whom Plaintiff had many material conversations and whose testimony would be directly relevant to the issue of Plaintiff's coverage. (*See* Compl. ¶¶ 52–62; Doc. 23 ¶ 50.) She resides in Massachusetts and works at Berkshire's Massachusetts offices. (Doc. 10 ¶ 23.) Marie Blair, Thierling's supervisor with whom Plaintiff represents he discussed his non-renewal by phone, (*see* Doc. 9, at 6; Compl. ¶ 76), also resides and works in Massachusetts, (Doc. 10 ¶ 24; Doc. 15 ¶ 11). Defendants represent that Henry Bartlett, the contractor that Plaintiff alleges caused the damage to his Massachusetts home, resides in Massachusetts, (Doc. 15 ¶¶ 8–9; Doc. 16, at 10), where his contracting company is also located, (Doc. 9, at 7)—representations that Plaintiff does not contest. Defendants further represent that the three contractors referenced in Plaintiff's complaint, (*see* Compl. ¶ 63), all likely reside in Massachusetts, (Doc. 9, at 7; Doc. 16, at 10); as well as Marion Guzik, an independent adjuster retained by Vermont Mutual to inspect the property, (Doc. 15 ¶¶ 14–16), and Steve Daglio, an in-house General Adjuster that Vermont Mutual also designated to inspect the property, (*id.* ¶¶ 17–19). Both insurance companies with whom Berkshire attempted to place coverage for the

5

property are also located in Massachusetts. (Doc. 10 ¶ 19.)

Under Federal Rule of Civil Procedure 45(c)(1), a party cannot subpoena a non-party witness to testify at a deposition or trial if that person is not "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Most significant here, all of these Massachusetts witnesses are outside the Rule 45(c)(1) range, meaning that Defendants would be unable to compel any of these witnesses to testify if this case remains before me. Therefore, I believe that maintaining the action in this District could severely hamper Defendants' ability to defend themselves in this case.

I am sympathetic to the health difficulties of Plaintiff and his wife. However, Plaintiff does own and maintain the property at issue in Massachusetts, meaning the venue is not inconvenient beyond reason. To the extent that Plaintiff and his wife are unable to travel to Massachusetts, (*see* Doc. 23 ¶¶ 15, 23; Doc. 24-1 ¶¶ 5, 48), they can raise this issue with Defendants and the assigned judge in the District of Massachusetts and attempt to agree upon an arrangement to eliminate or mitigate this issue. Resolving the travel issues of Plaintiff and his wife is a far easier problem to solve than the inability of Defendants to compel the testimony of several material witnesses pursuant to Rule 45(c)(1) if I retain this case.

### B. *Convenience of the Parties*

This factor does not favor either party. Defendants and their employees work and reside in Massachusetts and have no connection to New York, while Plaintiff owns property in both New York and Massachusetts, meaning that he, unlike Defendants, has meaningful connections to both potential venues. That said, as noted *supra*, Plaintiff and his wife have testified that they have medical conditions that make travel either difficult or entirely impossible. (Doc. 23 ¶ 23; Doc. 24-1 ¶¶ 5, 48.) As such, this factor is not dispositive in my analysis.

### C. *Location of Relevant Documents and Relative Ease of Access*

The parties both agree that the records in this case "are likely to be in electronic format or easily digitized for easy presentation in any Court," (Doc. 24, at 8; *see also* Doc. 9, at 8; Doc. 16, at 11), such that this factor is not relevant to the analysis, *see SEC v. Comm. on Ways & Means of the U.S. H. of Reps.*, 161 F. Supp. 3d 199, 227 (S.D.N.Y. 2015) ("the location of documents and records is not a compelling consideration when records are easily portable.") (internal quotation marks omitted).

### D. *Locus of Operative Facts*

"Where there is no material connection between the district and the operative facts, . . . the interests of justice require the transfer of the action." *Indian Harbor Ins. Co.*, 419 F. Supp. 2d at 405 (internal quotation marks omitted). It is clear that the locus of operative facts is not in New York. Plaintiff's lone argument in favor of New York is that it is the location where Plaintiff "received virtually all relevant communications from both defendants" and where Plaintiff "suffered the financial loss and hardship" at issue here. (Doc. 24, at 9.) These are not operative facts; all they mean is that Plaintiff was living at his New York property when he was communicating with Defendants. In other words, these facts have absolutely nothing to do with where the relevant facts at issue in the litigation are located. Transfer is arguably warranted on this basis alone. *See Larew v. Larew*, No. 11 Civ. 5771(BSJ)(GWG), 2012 WL 87616, at *7 (S.D.N.Y. Jan. 10, 2012) ("even where it is unclear whether" the district to which movants seek transfer is the locus of operative facts, transfer is warranted provided that "it is clear that New York is not") (internal quotation marks omitted).

The locus of operative facts is instead in Massachusetts. Plaintiff's core argument here is that the alleged water damage that took place at his Massachusetts property in August 2019, (*see* (Compl. ¶ 45), "has virtually nothing to do with the allegations of the Complaint," (Doc. 24, at

7). Plaintiff is wrong. This assertion has no support in and is belied by the allegations in the Complaint. In the aftermath of the alleged water damage, Plaintiff asked Berkshire to open a monitoring claim. (Compl. ¶ 61.) In the months that followed, Plaintiff met with Vermont Mutual's representatives at the Massachusetts property, (*id.* ¶ 63), and Plaintiff seeks a declaratory judgment that Vermont Mutual is responsible for the repairs and remediation related to the 2019 water damage, (*id.* ¶¶ 190–92), arguing that Vermont Mutual directed Berkshire to "provide the most minimal cooperation to Gelwan that would support the false optic of cooperation while simultaneously working cooperatively to avoid responsibility for the 2019 Water Damage," (*id.* ¶ 87). Perhaps most crucially, Plaintiff alleges that Vermont Mutual tried to base its non-renewal in part by "asserting falsely that Gelwan had not extensively addressed prior questions Vermont Mutual had raised with respect to the 2019 Water Damage." (*Id.* ¶ 86.) It is clear that the dispute over the water damage is directly linked in various ways to Vermont Mutual's decision not to renew Plaintiff's policy, and thus that this litigation will focus principally on the Massachusetts property, including acts that occurred at and impacted that property.

### E. *Availability of Process to Compel Attendance of Unwilling Witnesses*

As noted above, under Rule 45(c)(1), Defendants will not be able to compel attendance of multiple relevant witnesses if this proceeding is held in this District. As such, the ability to compel the attendance of unwilling witnesses at trial favors transfer.

### F. *Relative Means of the Parties*

Defendants likely have greater means than Plaintiff. However, Plaintiff owns a property in Massachusetts, and he has brought multiple claims related to this property over the years. (*See* Compl. ¶ 9.) Accordingly, this factor is not terribly significant in my analysis.

### G. *Forum's Familiarity with Governing Law*

"Familiarity with the governing law as a factor in determining transfer of venue is generally given little weight in federal courts." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) (internal quotation marks omitted). This is true even where, as here, state law claims are at issue. *See Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994) ("The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however, especially in an instance such as this where no complex questions of foreign law are involved.") (internal quotation marks omitted). Here, Plaintiff brings claims both under New York law (Third Cause of Action) and Massachusetts law (Twelfth Cause of Action). Therefore, this factor does not clearly militate in favor or against transfer.

### H. *Weight Accorded the Plaintiff's Forum*

Plaintiff's choice of forum is ordinarily "a decision that is given great weight," *D.H. Blair & Co.*, 462 F.3d at 107; however, "this weight is significantly diminished where the operative facts have no connection to the chosen district," *Lapushner v. Admedus Ltd.*, No. 18-CV-11530 (ALC), 2020 WL 777332, at *4 (S.D.N.Y. Feb. 14, 2020) (internal quotation marks omitted). Therefore, I accord only a small amount of weight to Plaintiff's choice of forum.

### I. *Trial Efficiency and Interests of Justice*

Defendants note that this District has about four times as many cases as the District of Massachusetts. (*See* Doc. 9, at 9; Doc. 16, at 16.) Further, given that the property at issue and most of the witnesses are located in Massachusetts, it is likely that it will be easier to conduct trial in Massachusetts than in New York.

Taking these factors together, this is not a particularly close call. Most factors militate in

9

favor of transfer, and the most important factors—the convenience of the witnesses and the locus of operative facts—are clearly on Defendants' side.

## IV. Conclusion

Defendants' motion to transfer is GRANTED.

The Clerk of Court is directed to terminate the open motions at Documents 8, 14, 15, 16, and 18 and to transfer the case forthwith to the District of Massachusetts, Western Division. The seven-day waiting period set forth in Local Rule 83.1 shall be waived.

The Clerk's office is also directed to mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.

Dated: June 23, 2021
      New York, New York

_____
Vernon S. Broderick
United States District Judge