June 28, 2021

<u>**Via ECF**</u>

Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Application denied as moot, in light of the fact that the seven-day waiting period set forth in Local Rule 83.1 has been waived and the case has already been transferred.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK   6/29/2021
UNITED STATES DISTRICT JUDGE

Re: Gelwan v. Vermont Mut. Ins. Co. and Berkshire Ins. Group, No. 21-cv-2365 (VSB)

Dear Judge Broderick:

I am plaintiff *pro se* in the captioned action transferred on June 24, 2021 to the District of Massachusetts by Your Honor's order entered that date (the "Transfer Order").

I write to request that Your Honor vacate the Transfer Order pending my opportunity to review the Court's decision for at least the seven-day hold period of Local Rule 83.1 to permit me to fully research Second Circuit limitations on review. If, as it appears, interim review pursuant to 28 U.S.C. §1292(b) is unavailable in this jurisdiction, and that my recourse is a mandamus petition, *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439 (2d Cir. 1966), I would commit to notify the Court by the end of the Rule 83.1 hold period whether I intend to seek this Court's stay, and my reasons. If the Court directs that I file a formal motion on notice for a hold, I shall.

To the extent that it influences the Court's consideration of my request, I believe, with all respect, that the Court's decision supporting the Transfer Order represents an abuse of discretion in light of issues and evidence addressed in my opposition. Among other defects: **(i)** The Court identifies non-party witnesses' amenability to compulsory process as the most cogent factor favoring transfer when virtually all are defendants' employees whose convenience and amenability are of negligible import in the Section 1404 analysis irrespective of managerial status. This is particularly so where defendants not only offer no reason to doubt these witnesses' voluntary appearance in this Court but plainly intend to rely upon them at trial in any district. **(ii)** The Court incorrectly states my reliance on three "unnamed" New York City witnesses on the single most critical potentially outcome-determinative statutory insurance non-renewal notice issue. In fact in my opposition I identified each of these witnesses – none subject to compulsory process in Massachusetts – specifically by name, occupation and domicile together with their expected testimonies. The Court's apparent doubt that notice will be a principal field of dispute is belied by both

defendants' specific stated reliance on a form notice I contend they both know was mailed weeks late and therefore is ineffective and unlawful. **(iii)** The Court incorrectly recites my purported reliance on Massachusetts contractors defendants know I have never retained and who, in fact, have virtually nothing to do with any issue in dispute, who would not reasonably be called as witnesses by any party and who, if they may be said to have anything of any relevance to say, may be deposed in Massachusetts irrespective of the venue of this action. **(iv)** The likely inability to present my wife's live testimony to a Massachusetts jury in her present health circumstances, in light of her comprehensive knowledge of the issues relating to my interaction with defendants and the 2019 water damage – which defendants argue is the essence of this dispute – and her contribution to brewing credibility issues about which she has unique knowledge, rises to a due process issue. **(v)** The Court's acceptance of defendants' characterization that contractor Bartlett is beyond examination in the New York venue, when he presently is a defendant in the pending New York County Supreme Court action arising out of the water damage defendants say is the principal issue, is unwarranted. **(vi)** The Court's conclusion that litigation in Massachusetts poses no hardship due to my ownership of a house there – without heat or running water, presently uninhabitable due to the property damage the defendants say is at issue – overlooks the record.

Virtually all decisions waiving the Rule 83.1 hold rely on consent or urgent issues of personal liberty such as habeas corpus warranting immediate attention in the transferee district. I do not believe that this case presents such urgency.

I thank the Court for its consideration of my request.

Respectfully,
/s/

Lloyd A. Gelwan
(LG 6496)

cc (via ECF): Andrew A. Arcuri, Esq.
David Valicenti, Esq.